# United States Court of Appeals
# for the Federal Circuit

---

**JILLIAN LESKO,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1823

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00715-CNL, Judge Carolyn N. Lerner.

---

## SUA SPONTE HEARING EN BANC

---

DIMITRIOS VASILIOU KOROVILAS, Wucetich & Korovilas LLP, El Segundo, CA, for plaintiff-appellant. Also represented by JASON MATTHEW WUCETICH; MICHAEL S. MORRISON, Alexander Morrison & Fehr LLP, Los Angeles, CA.

REBECCA SARAH KRUSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by REGINALD THOMAS BLADES, JR., PATRICIA M. MCCARTHY, BRETT A. SHUMATE.

---

Before MOORE, *Chief Judge*, LOURIE, DYK, PROST, REYNA, TARANTO, CHEN, HUGHES, STOLL, CUNNINGHAM, and STARK, *Circuit Judges*.[1]

PER CURIAM.

# **O R D E R**

This case was argued before a panel of three judges on October 9, 2024. A sua sponte request for a poll on whether to consider this case was made. A poll was conducted, and a majority of the judges who are in regular active service voted for sua sponte en banc consideration.

Accordingly,

IT IS ORDERED THAT:

(1) This case will be heard en banc under 28 U.S.C. § 46 and Federal Rule of Appellate Procedure 40(c). The court en banc shall consist of all circuit judges in regular active service who are not recused or disqualified in accordance with the provisions of 28 U.S.C. § 46(c).

(2) The parties are requested to file new briefs, which shall be limited to addressing the following questions:

    a. Considering *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), how should "officially ordered or approved" in 5 U.S.C. § 5542(a) be interpreted?

    b. Is this a case in which "the agency is authorized to exercise a degree of discretion" such that OPM has authority to adopt its writing requirement? *Loper*, 603 U.S. at 394.

---

[1]    Circuit Judge Newman did not participate.

      c. Is there a statutory provision (e.g., 5 U.S.C. §§ 1104, 5548) that provides such authority?

(3) Ms. Lesko's en banc opening brief is due 60 days from the date of this order. The United States' en banc response is due within 45 days of service of Ms. Lesko's en banc opening brief, and Ms. Lesko's reply brief within 30 days of service of the response brief. The parties may file a supplemental appendix, if necessary to cite additional material, within 7 days after service of the reply brief. The court requires 26 paper copies of all briefs and any appendices provided by the filer within 5 business days from the date of electronic filing of the document. The parties' briefs must comply with Fed. Cir. R. 32(b)(1).

(4) Any briefs of amicus curiae may be filed without consent and leave of the court. Any amicus brief supporting Ms. Lesko's position or supporting neither position must be filed within 14 days after service of Ms. Lesko's en banc opening brief. Any amicus brief supporting the United States' position must be filed within 14 days after service of the United States' response brief. Amicus briefs must comply with Fed. Cir. R. 29(b).

(5) Oral argument will be held on September 12, 2025, at 10 a.m. in Courtroom 201.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

March 18, 2025
Date